UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRUCO LIFE INSURANCE COMPANY,

    Plaintiff,

v.                          Case No: 2:18-cv-546-FtM-38MRM

SHANE FEDERICI, DOUGLAS VANE, BARBARA ANN HANCOCK, IAN HATHAWAY and CHRISTOPHER VANE,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Pruco Life Insurance Company's Unopposed Motion for Default Judgment against Defendant Barbara Ann Hancock. (Doc. 36). For the following reasons, the motion is granted.

Plaintiff filed this interpleader action to determine the rightful owner of death benefit proceeds under three life insurance policies issued to the decedent, Richard L. Vane. (Doc. 1). Plaintiff served the Summons and Complaint on Hancock on August 17, 2018. (Doc. 21). Hancock failed to answer or otherwise defend against the Complaint, and so Plaintiff moved for a clerk's default against her. (Doc. 25). The Court granted the motion

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. 26), and the Clerk issued an Entry of Default (Doc. 27).  Now, Plaintiff seeks a default judgment against Hancock.

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of the court must enter a clerk's default against the defendant.  See Fed. R. Civ. P. 55(a).  Second, after receiving the clerk's default, the court can enter a default judgment provided the defendant is not an infant or incompetent.  See id.  However, an entry of a clerk's default does not *per se* warrant an entry of default judgment.  See Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).  Rather, a court must ensure a sufficient basis in the pleadings to enter judgment.  See id.  This means the court may enter a default judgment only if "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive basis in the pleadings of the particular relief sought."  Id.

Here, the Court finds that the prerequisites to entry of default judgment against Hancock are met.  A clerk's default has been entered.  (Doc. 27).  And the well-pled allegations in the Complaint establish a sufficient basis to enter default judgment against Hancock.  See (Doc. 1); see also Conlon v. N.W. Mut. Life Ins. Co., 13-81087-CIV, 2014 WL 1608371, at *3 (S.D. Fla. Apr. 22, 2014) (discussing the elements of an interpleader action).  The Court, therefore, will grant Pruco Life Insurance Company's Motion for Entry of Default Judgement.

Accordingly, it is now

**ORDERED:**

2

1. Plaintiff Pruco Life Insurance Company's Motion for Entry of Default Judgment against Barbara Ann Hancock (Doc. 36) is **GRANTED.**

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Pruco Life Insurance Company against Defendant Barbara Ann Hancock.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of December 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record